Ivan S. Zackheim, OSB No. 763880
ivanpdxlaw@gmail.com
1750 SW Skyline Blvd., Suite 220
Portland, OR 97221
Telephone: (503) 222-1162
Facsimile: (503) 225-1028
    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PETRU STRUGARI, | Case No. 3:20-cv-00956-SB |
| Plaintiff, | PLAINTIFF'S MOTIONS IN LIMINE |
| v. | |
| SAGAMORE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff requests defendant be barred from presenting the following arguments:

1. Plaintiff's shoulder related medical treatment was unrelated to the collision after three months.

2. Some of plaintiff's medical expenses were unreasonable in amount and/or unrelated to the collision.

3. Plaintiff failed to mitigate his damages by not having surgery.

4. Plaintiff had some fault in the collision.

Discussion:   Plaintiff has relied upon defendant's written representations that it would not challenge the amount and reasonable necessity of any of plaintiff's medical expenses, except for the following medical expenses incurred for shoulder treatment, as unrelated to the collision:

| | | |
|---|---|---|
| Adventist Medical Center Physical Therapy | 1-28-20 to 03-16-20 | $1,689.00 |
| Adventist Health Clinics Orthopedics | 12-31-19 | $374.00 |
| Rose City Urgent Care & Medical Clinic | 11-21-18 | $420.00 |
| Epic Imaging | 11-29-18 and 2-13-19 Shoulder x ray and shoulder MRI | $1,639.00 |
| Total Disputed Charges | | $4,122.00 |

By report, defendant's orthopedic medical expert (Robert Chadderdon MD) opined that plaintiff did suffer a shoulder sprain/strain from the collision, but treatment after three months would be unrelated to the original injury.  However, Dr. Chadderdon at deposition allowed that plaintiff's shoulder strain/sprain likely set off an edematous, inflammatory response which, when combined with plaintiff's preexisting asymptomatic mild shoulder arthritis, produced recurrent shoulder discomfort on a waxing and waning basis, likely chronic.   Accepting the assumption that plaintiff's shoulder had indeed been asymptomatic before the collision, defendant's expert could think of no non-collision reason for the treatment above.

Defendant has disclosed no other medical expert prepared to testify or who has prepared a report on this issue. Nor has defendant come forward with any evidence to suggest plaintiff's shoulder troubled him before this collision. In contrast, the medical experts deposed by defendant (the orthopedist Ira Weintraub and the chiropractor Annemarie King-Tarr) have strongly stated that plaintiff's shoulder treatment listed above was related to the collision.

Defendant's medical expert also testified that plainitiff's decision not to have wrist surgery was reasonable, which would seem to foreclose argument on whether plaintiff should have agreed to surgery.

Finally, defendant has agreed in writing that the collision was caused by the fault of the uninsured/underinsured driver.

Submitted by and dated: September 23, 2022

/s/ Ivan Zackheim, Attorney for Plaintiff
OSB 763880
1750 SW Skyline Suite 220
Portland OR 97205
ivanpdxlaw@gmail.com
503.222.1162

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Oregon, that the following is true and correct:

On the date set forth below I served the document(s) to which this is attached, in the

manner noted on the following person(s):

Grant Elder, Jennifer Crow, Ashley Winslow

( X )Via E-Mail


DATED: September 23, 2022

/s/ Ivan Zackheim, Attorney for Plaintiff
OSB 763880
1750 SW Skyline Suite 220
Portland OR 97205
ivanpdxlaw@gmail.com
503.222.1162